OPINION
{¶ 1} The appellant, the State of Ohio, appeals the August 30, 2002 judgment of the Common Pleas Court of Logan County, Ohio, granting the motion to suppress of the appellee, Erin Porter.
 {¶ 2} The facts relevant to this appeal are as follows. On April 4, 2002, officers for the Logan County Sheriff's Department arrived at 232 Plumvalley Street in Bellefontaine, Ohio, to execute a felony arrest warrant for Robert Russell Ratleff, which was issued by the Common Pleas Court of Franklin County, Ohio. Detective Franchie Robinson noticed Ratleff in the backyard of the residence, and proceeded to place Ratleff under arrest. When asked, Ratleff denied several times that he lived at the premises and further stated that he did not know who was in the residence at the time. Ratleff was placed in the police cruiser and was at no time in the premises during the arrest.
 {¶ 3} After Ratleff was taken into custody, the officers conducted a protective sweep of the residence, having suspicions that there were weapons in the home and that the home was used to sell drugs. The defendant, Erin Porter, was discovered in the residence with Kim Maxwell and Maxwell's children. When asked by the police officers, both Porter and Maxwell denied living at the residence. The officers then attempted to further ascertain who was in control of the home. In an effort to do so, Porter was asked who owned the home, to which she replied that Phil Rhea was the homeowner. After being contacted by the police, Rhea came to the Plumvalley residence.
 {¶ 4} Rhea informed the officers that he was the owner of the home but that he had sold it to Poppy Dickinson, whom he believed to be Ratleff's girlfriend, through a land contract sale. However, Dickinson was no longer living in the home, and Rhea had no idea where she was. Rhea told the officers that he was not "too sure" who lived in the residence. The police then asked Rhea for permission to search the home, and Rhea obliged by signing a consent to search form. During the search, two padlocked bedrooms were discovered and forcefully opened by law enforcement. Both drugs and weapons were discovered in the east padlocked room. Detective Robinson testified that prior to conducting the search, Porter and Maxwell denied living at the premises, that they gave addresses to other residences where they claimed to live, and had stated that they did not control the premises. It was not until the padlocked rooms had been entered and the contraband discovered and taken into evidence, that Porter, Maxwell, and Richard Holten[1] informed the police that they were in fact living there and that the padlocked room belonged to Ratleff.
 {¶ 5} As a result of the search, Porter was indicted on one count of possession of drugs, in violation of R.C. 2925.11(A), a felony of the first degree. Porter filed a motion to suppress the evidence obtained during the April 4, 2002 search of the Plumvalley residence. Porter's motion was later consolidated with Ratleff's motion to suppress, who was also charged in connection with the search. A hearing was had on the matter on August 21, 2002. Thereafter, on August 30, 2002, the trial court granted the motions to suppress as to both Porter and Ratleff. This appeal followed, and the State now asserts one assignment of error.
ASSIGNMENT OF ERROR NO. I
 {¶ 6} "The trial court erred in determining that the defendant had standing to assert a Fourth Amendment right in the premises searched."
 {¶ 7} The issue, arguments, and factual context presented in the assigned errors are identical to those previously presented by the appellant and addressed by this Court in State v. Ratleff 2003-Ohio-1028. In that case, we held that the Court of Common Pleas of Logan County erred when it granted the defendant's motion to suppress. Accordingly, on that authority, the appellant's assignment of error in this case is also sustained.
 {¶ 8} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the Court Of Common Pleas of Logan County, Ohio and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 BRYANT, P.J., and WALTER J., concur.
[1] Richard Holten was with Ratleff in the back yard of the premises when the initial arrest of Ratleff occurred.